## E. B. NICHOLS & CO. v. W. J. JONES.

1. Plaintiffs' cause of action consisted of a promissory note and an open account for merchandise. The defendant reconvened, alleging that plaintiffs were commission merchants, and that he had delivered to them twenty-four bales of sea island cotton to be shipped by them to Liverpool, under instructions that it should not be sold under a price stated; that plaintiffs could have sold the cotton for a higher price than that limited, but subsequently rendered to defendant an account of sales for much less than that price; that the account of sales rendered was false and fraudulent, or, if it was a true account, that plaintiffs violated their instructions and duty, and had become liable to defendant for the value of the cotton. To this answer the plaintiffs excepted on the ground that under Article 3447, Paschal's Digest, it was not competent to set off their demand in the manner thus proposed. *Held,* that the mutuality of the dealings between the parties rendered competent the plea in reconvention, and there was no error in overruling the exception.
2. A party is not precluded from discrediting his adversary's witness by the fact that he had himself sued out a commission to take the witness's deposition in his own behalf, provided he has not offered to use the deposition.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

The case is sufficiently indicated in the opinions and the head-note. It will be seen that two opinions are reported, a rehearing having been allowed on motion of the appellants.

*Harcourt & Harcourt* and *Hancock & West*, for the appellants.

*R. V. Cook* and *Wells Thompson*, for the appellee.

WALKER, J. The very wide difference in the views maintained by counsel and the statements made in opposing briefs, have made it necessary for us to examine carefully this voluminous record from the beginning to the end, and after all our labor we find nothing in the case but a question of fact (which has been determined by the jury), upon which it is necessary for us to decide.

And yet there is some plausibility in the position taken by appellants' counsel, that this was not a case in which the defendant could have a cross action to recoup damages. The doubt arises under Article 3447, Paschal's Digest; but a careful examination of the question has satisfied us that there was such mutuality of accounts between the parties as rendered the plea in reconvention competent in this case. A part of the plaintiffs' demand was upon an open account for goods and merchandise. The defendant's account is for cotton delivered to the plaintiffs as brokers and commission merchants, to be sold in the Liverpool market.

Again, it is claimed by appellants that the District Court erred in permitting the defendant to impeach the witness Hughes. On page 4 of appellants' brief we find this language: " The dep- " osition of the witness G. T. Hughes had been taken first by " the defendant, but it had mysteriously disappeared from the " papers of the cause."

This is denied in terms by the appellee's counsel, and an ex-

planation is offered, to wit : "that a commission was sued out " to take the deposition of Hughes, together with several " other witnesses, on behalf of the defendant; that no inter- " rogatories were propounded for the cross-examination of " Hughes, and that, although the testimony of other witnesses " was taken, Hughes was not examined ; and that it was a mis- " take that his name was indorsed upon the envelope under " which the depositions were transmitted to the District Court." In other words, it is claimed that the defendant never caused Hughes to be examined as a witness in his behalf.

We cannot avoid expressing a regret that this explanation should not have been regarded as sufficient to have prevented the unfriendly innuendo contained in the appellants' brief. But suppose the deposition had been taken by the defendant, and the plaintiffs declined to cross-examine the witness; they then had no interest in the deposition, and the defendant might re- fuse to offer it, reserving his right to impeach the witness if offered by the plaintiffs.

But it is claimed by the appellants that the verdict is not sup- ported by the evidence. But the statement of facts very clear- ly shows that the plaintiffs drew out of defendant's witnesses, on cross-examination, very strong proof as to the weight of the packages in which sea island cotton is generally put up for market, and, after the testimony of the witness Hughes had been impeached, there was not a great deal of evidence left to support the theory of the plaintiffs as to the average weight of the packages.

It appears from the bill of exceptions that the witness Tooke was permitted to state what his relatives in Florida had told him about the weight of the packages in which sea island cotton is usually put up. It would certainly have been error to permit such evidence to go to the jury, but the statement of facts, apparently agreed to by counsel, and approved by the court, contains no such evidence ; and in this connection we have another unfriendly innuendo, coming from the other side, to the effect that the bill of exceptions improperly contains this

statement, and we must confess that it seems not a little singular that so good a lawyer and able a jurist as his honor the district judge Lindsay, late of the Supreme Bench, should have signed a bill of exceptions taken to such a ruling of his own.

If it be true that this evidence was permitted to go to the jury, it is nevertheless true that there was, without it, sufficient evidence to support the verdict, and we are not disposed to reverse the judgment upon a doubtful point; and it is therefore affirmed.

WALKER, J.   After a careful re-examination of this case, we are unable to change our former opinion.   To hold that the charge of the court does not correctly lay down the law, would be to do more than even appellants' counsel asks us to do.   It is insisted, however, that whilst the legal propositions contained in the charge are correct in the abstract, that the charge was nevertheless calculated to mislead the jury.   We cannot see how an intelligent jury could have been misled by the charge.

It is very true that the evidence clearly enough shows that the appellants committed a mistake in rendering an account of sales which most probably applied to the shipment of Carr & Westbrook.   But the charge gave the whole matter to the jury in a very intelligible manner, and it is very doubtful whether the jury attached much significance to the account which was rendered by mistake.

The verdict may be wrong; but we should be traveling too far out of the beaten path to say that the verdict and judgment should be set aside, merely because in our opinion the weight of evidence would lead to a different conclusion.

We are compelled to adhere to our former opinion.

Affirmed.